EDWARD D. JONES AND JOHN C. WILSON, AS EXECUTORS, ETC., OF JAMES DUFF, DECEASED, RESPONDENTS, *v.* JANE DUFF AND OTHERS, APPELLANTS.

*Parol agreement not to attack a will, made by one interested in the estate — it cannot be repudiated after it has been fully performed by the other party.*

James Duff died in April, 1872, leaving a last will and testament by which he provided for a sale of his real estate after a certain period of time, and directed that one-fourth part of the proceeds of sale should be invested by his executors and the income thereof be paid over to one of his daughters, Mary Jane Jenner, during her life, and at her death he directed the principal to be paid over to her daughter, Alice J. Ferris. A son of Mary Jane Jenner having urged his mother to break the will, the mother and Mrs. Ferris seeking to buy the latter's peace with the son agreed that, upon the death of his mother, he should have his mother's share of the personal property which she might receive under the will of his grandfather, and that if it did not amount to $1,000 they would make it up to that amount, and that they would help and assist him as much as they could while his mother lived upon his agreeing that the provisions of the will should be accepted by him as valid.

The son accepted this proposition and received, during the life of his mother, from her and Mrs. Ferris, more than $1,000, and also, upon her death, a note for $1,000, which represented his mother's share in the personal estate of her father, upon which $450 had then been paid.

Mrs. Jenner having died, and the appellant having made claim to a portion of his grandfather's estate, the executors brought this action to determine the rights of the parties.

*Held,* that, as the son had received the money and property under the said agreement, he could not now repudiate the contract and get, in addition, his share in his grandfather's estate by contesting the validity of the will.

That the court did not err in admitting parol evidence of the agreement, as the agreement had been performed upon the part of Mrs. Jenner, and such performance had been accepted by the son.

*Phillips* v. *Thompson* (1 Johns. Ch., 131) distinguished.

That, as the son was never seized of any interest in the real estate of his grandfather, his wife acquired no interest therein.

APPEAL from a judgment entered upon the trial of this action at a Special Term.

*William V. Dykman,* for the appellants.

*L. B. Treadwell,* for the respondents.

Van Brunt, P. J.:

In April, 1872, one James Duff died, leaving a last will and testament, which was duly admitted to probate. The testator left him surviving his widow, three children, one of whom was named Mary Jane Jenner, and eight grandchildren, children of a deceased son. Mary Jane Jenner had two children, the appellant William H. Jenner and the respondent Alice J. Jones, at the time this action was brought Alice J. Ferris. By his last will the testator provided for a sale of his real estate after a certain period of time, and that one fourth part of the proceeds of sale should be invested by his executors and the income thereof paid over to his daughter, the said Mary Jane Jenner, during her life, and at her death he directed the principal to be paid over to said Alice J. Jones.

At the time of the testator's death the appellant, William H. Jenner, urged his mother to break the will, which she refused to do, and sought to buy her peace with her son, and finally Mrs. Jenner and Mrs. Ferris told the defendant Jenner that, upon the death of his mother he should have his mother's share of the personal property which she might receive under the will of his grandfather, and if it did not amount to $1,000 they would make it up to that amount, and that they would help and assist him as much as they could while his mother lived, upon his agreeing that the provisions of the will should be accepted by him as valid, to which proposition the appellant assented, and during the life of his mother the appellant was assisted by her and Mrs. Ferris, and the appellant received during the lifetime of his mother, from her and Mrs. Ferris, more than $1,000.

Upon her death bed Mrs. Jenner gave to her son a note for $1,000, which represented her share in the personal estate of her father, upon which $450 seems to have been paid and the money used by the appellant's mother in house-keeping. Subsequently, the balance of this $1,000 note was paid to the appellant. Mrs. Jenner having died and the appellant having made claims to a portion of his grandfather's estate, the executors under the will have filed this bill to determine the rights of the parties.

The only question presented is as to the right of the appellant to contest the provisions of his grandfather's will, by which he disposed of his real estate. The court at Special Term held that, because of

the agreement made with his mother and sister above mentioned, the appellant could not now come in and attack the validity of said will. The · grounds relied upon by the appellant seem to be, first, that no contract resulted from the conversations had between the appellant and his mother and sister ; and, second, that the court erred in admitting oral proof of the contract. That there was evidence enough to justify the court in finding as a fact the existence of the contract seems to be beyond dispute. The mother was trying to prevent an unseemly contest of the will of her father, and attempting to buy her peace ; she offered inducements to her son which he accepted. She said to him that he should have at her death all the personal estate which she received from her father, and that she would help him all she could. This she did, during her life giving him money and just before her death she handed over to him a note for $1,000, upon which $450 had been paid, which represented the personal property received from her father's estate.

This property the son received, paid to him in performance of the contract entered into between himself and his mother not to disturb his grandfather's will, and now he seeks, after having obtained this advantage, to repudiate the contract and get, in addition, his share in his grandfather's estate by contesting the validity of the will.

Certainly no court of equity could permit such a proceeding to succeed. Neither was it error to allow parol evidence of this agreement.

If the statute of frauds had any application to the agreement in question, which we do not admit, the agreement had been performed upon the part of Mrs. Jenner, and such performance had been accepted by the appellant.

The respondent, Mrs. Ferris, is not bringing any action for the specific performance of any agreement made by the appellant, but the appellant is attempting, in violation of his agreement, the consideration of which he has received, to set up a claim in this action which he has agreed to waive, and she simply resists this attempt.

The case of *Phillips* v. *Thompson* (1 Johns. Ch., 131), cited by the counsel, in no way militates against the view above expressed, as it is evident that the giving of the $1,000 note to the appellant

by his mother resulted from the agreement which she had made with him, and cannot be attributed to simply motherly love and affection. He had agreed not to attack her father's will, and she was paying the price agreed upon for such agreement.

The claim that it was error to hold that the contract had been fully performed cannot be sustained upon the evidence. The agreement was that he should receive at her death the share of his grandfather's personal estate received by his mother, and that if it did not amount to $1,000, she would make it up to that amount. After his mother's death's the appellant received $550, all the proceeds of his grandfather's estate which his mother then had left. He had already received from his mother during her lifetime over $1,000, and she had thus more than completed her contract in that she made it up to over $1,500 instead of $1,000 as agreed. The claim that it was error to cut off the dower of the appellant's wife seems to rest upon too slim a foundation to need discussion.

The appellant was never seized of any portion of this real estate. When he agreed to relinquish any right that he might ever have to said real estate by agreeing not to dispute the validity of his grandfather's will, he had not the slightest interest in the real estate in question. If he outlived his mother, and if she did not make a will leaving her interest in this real estate to somebody else, and if the appellant had not made the agreement in question upon the death of his mother, one-sixth of this real estate might have devolved upon him, if the limitations contained in his grandfather's will were void as they have been held to be. He was never, therefore, seized of any interest in this real estate, and consequently dower could not attach.

The judgment appealed from must be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.